In the Matter of the Arbitration between ELECTRONIC & MISSILE FACILITIES, INC., Petitioner, and EMERSON-GARDEN ELECTRIC COMPANY, INC.— CARIBBEAN, Respondent.

Supreme Court, Special Term, New York County, May 3, 1962.

*Anthony J. Siminerio* for petitioner. *Hart, Hume & Engelman* for respondent.

SAMUEL M. GOLD, J. The provisions of the Miller Act (U. S. Code, tit. 40, §§ 270a–270d) as to the court and venue of any suit brought upon a payment bond furnished pursuant to the act do not purport to prescribe such a suit as the exclusive remedy, or to bar arbitration between the parties to a contract containing an arbitration clause. Two Circuit Courts of Appeal have upheld arbitration coming within the Miller Act (*Agostini Bros. Bldg. Corp.* v. *United States,* 142 F. 2d 854; *United States* v.

*Al-Con Development Corp.*, 271 F. 2d 904). In the *Agostini* case Circuit Judge PARKER, writing for the court, stated that the defendants were unquestionably entitled to a stay of action under the Miller Act pending arbitration. Although the opinion in neither of the cases expressly discusses the question whether a lawsuit is the exclusive remedy in a case covered by the Miller Act, the necessary effect of the holdings is that the contrary is the law. The cases relied upon by respondent which hold that the provisions of various statutes may not be waived, relate to statutes which contained provisions forbidding such waivers. The Miller Act, however, does not contain such a provision.

The motion to compel arbitration is granted. Settle order providing in blank for an arbitrator pursuant to section 1452 of the Civil Practice Act. This disposition is without prejudice to such application as respondent may deem advisable, in the event that the Federal court in Puerto Rico should stay the arbitration.